**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4742**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCO ANTONIO VELEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-04-93)

———————

Submitted:  January 31, 2006          Decided:  February 15, 2006

———————

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jack B. Swerling, LAW OFFICES OF JACK B. SWERLING, Columbia, South
Carolina, for Appellant.  Jonathan S. Gasser, United States
Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney,
Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marco Antonio Velez pled guilty to using and carrying a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2000). He was sentenced as a career offender to 276 months in prison. Velez now appeals his sentence. We affirm.

Prior to committing the instant offense, Velez had been convicted of manslaughter and, in 1999, of three counts of assault and battery of a high and aggravated nature (ABHAN). Velez was sentenced to three concurrent three-year terms for the 1999 convictions. His probation officer first determined that Velez had the requisite prior convictions to qualify him as a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1(a) (2003), and that Velez was entitled to a three-level reduction in his offense level for acceptance of responsibility under USSG § 3E1.1. Accordingly, the probation officer concluded that Velez's guideline range was 262-327 months in prison. See USSG § 4B1.1(c)(1), (c)(3).

Velez objected under Blakely v. Washington, 542 U.S. 296 (2004), to his treatment as a career offender. The district court overruled his objection, adopted the Presentence Report, and imposed a 276-month sentence.

According to the sentencing guidelines, a defendant is a career offender if, inter alia, he has two prior felony convictions

for a crime of violence.  See USSG § 4B1.1(a).  Velez concedes his convictions for manslaughter and ABHAN.  He contends, however, that he should not have been sentenced as a career criminal because a conviction for ABHAN does not qualify as a crime of violence. Velez raised this claim below, and our review is de novo.  See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

To determine whether a state-law offense falls within the sentencing guideline's definition of a "crime of violence," we use the categorical approach, "which takes into account only the definition of the offense and the fact of conviction."  United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002).  Under the sentencing guidelines, a "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."  USSG § 4B1.2(a).  The sentencing guideline's application notes further explain that "'crime of violence' includes . . . aggravated assault."  USSG § 4B1.2 app.1.  Under South Carolina law, "ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation" and is "punishable by up to ten years in prison."  State v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000).  Therefore, Velez's conviction for ABHAN meets the sentencing guideline's definition of a crime of violence because ABHAN is, by definition, aggravated assault.

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED